SUMMARY ORDER

Petitioner Kui Lin, a native and citizen of the People’s Republic of China, seeks review of an April 11, 2008 order of the BIA affirming the May 24, 2007 order of the Immigration Judge (“IJ”) denying his motion to reopen. In re Kui Lin, No. A070 895 157 (B.I.A. Apr. 11, 2008), aff'g No. A070 895 157 (Immig. Ct. N.Y. City May 24, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin’s untimely motion to reopen because it reasonably found that he failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(2); see Wei Guang Wang v. B.I.A., 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations).
While Lin argues that the BIA failed to provide a particularized analysis of the documents he submitted in support of his motion to reopen, we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72; Wei Guang Wang, 437 F.3d at 275. Because the failure to establish changed country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion here. See Wei Guang Wang, 437 F.3d at 273.
*544 For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).